### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **Vs.** | ) | |
| | ) | **No. 07 CR 855** |
| **SAMUEL SHABAZ,** | ) | **Judge Suzanne Conlon** |
| | ) | |
| **Defendant** | ) | |
| | ) | |
| | ) | |

### OBJECTION TO REFERRAL TO MAGISTRATE &THE ISSUANCE OF A SEARCH WARRANT FOR DNA EVIDENCE AND REQUEST FOR IMMEDIATE <u>APPOINTMENT OF DNA EXPERT</u>

Now comes Samuel Shabaz, by his attorney Ellen R. Domph and objects to the government's motion to refer this case to a Magistrate Judge for the issuance of a search warrant for DNA samples from Mr. Shabaz.  Furthermore, Mr. Shabaz requests the appointment of a DNA expert. In support thereof, it is stated:

**A. NO PROBABLE CAUSE TO ISSUE WARRANT**

1.      The government has filed a motion for a magistrate referral for the issuance of a search warrant to take the DNA samples from Mr. Shabaz.

2.      This request is based on an Illinois State Police Laboratory report that concludes that a human DNA profile was identified on Exhibit 3A, an earphone that was searched against a DNA index that indicated that a Samuel Shabaz might be the donor of indicated biological material. No information identifying the DNA index was revealed.

3.      Without the identity of the DNA index and information about the laboratory and analyst(s) that collected and performed the initial DNA analysis that led to its submission to said

index, no probable cause exists to compel Mr. Shabaz to submit to collection of his DNA

Without proof that the original collection and analysis of DNA material adhered to generally

accepted standards, there is insufficient evidence for a court to conclude that a comparison made

from Exhibit 3A to the unknown index amounts to probable cause.

## B.  NO SAMPLE SHOULD BE COLLECTED UNTIL A DEFENSE EXPERT IS APPOINTED

4.     The report also indicates that Exhibit 3A was consumed in analysis, but at the same time

extracted and amplified so DNA remains for further testing. There is no explanation as to the

method or procedures used to extract the alleged remaining material. In addition, there is no

independent confirmation that there either is or is not remaining material suitable for future

testing.

5.      Since the sample was consumed in analysis, which may prevent independent testing by a

defense expert, and the representation that somehow there remains additional testing material,

issues are raised that can only be addressed by an expert in the field of DNA. Counsel does not

have the expertise to determine the propriety of what has occurred herein.

6.     The government therefore should be barred from taking any DNA samples until a defense

expert is appointed who can review results, consult with the laboratory and confirm the

assertions made by the government's expert that the sample was in fact consumed during initial

testing and other assertions concerning the procedures of the initial testing. Mr. Shabaz is

incarcerated and neither he nor his DNA is going anywhere. The taking of a DNA sample, if

supported by probable cause, can be ordered at any time.

7.     Counsel is therefore requesting the appointment of an independent expert and further

requesting that the following be produced:

     1.  A copy of the complete laboratory file, including all raw data;

2.  A copy of the allele frequency tables used to calculate the statistics and the frequency calculations performed in this case;

3.  A copy of the laboratory procedural manual in effect at the time of testing;

4.  A copy of the QA an QC manuals used at the time of the testing;

5.  The results of external assessments, including quality assurance audit documents for forensic DNA and convicted offenders DNA databasing laboratories, and any deficiencies from accrediting bodies in effect at the time of the testing. If any deficiencies were reported, the responses submitted to the assessors;

6.  All corrective action reports generated by DNA/Serology laboratory in the last two calendar years;

7.  Proficiency test results and credentials of the analyst(s) performing the testing;

WHEREFORE, SAMUEL SHABAZ prays this Honorable Court grant his aforestated requests.

Respectfully submitted,


S/Ellen R. Domph


Ellen R. Domph
53 W. Jackson Blvd., Suite 1544
Chicago, IL 60604
312-922-2525