UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07 CR 855 |
| | ) | |
| SAMUEL SHABAZ, | ) | Judge Suzanne Conlon |
| | ) | |
| Defendant. | ) | |

## MOTION TO SUPPRESS

Now comes, Samuel Shabaz, by his attorney, Ellen R. Domph and move this Honorable Court to suppress any and all statements given by Mr. Shabaz as a result of interrogation by law enforcement following his arrest on December 21, 2007 and any and all evidence seized thereafter. In support thereof it is stated:

1. On December 21, 2007 Samuel Shabaz was arrested by law enforcement agents at his home at 12703 South Carondolet Avenue in Chicago, Illinois. Subsequent to his arrest, he was transported, on information and belief, to Calumet City police department where he was placed in a small room, handcuffed, and was interrogated by local law enforcement and FBI agents.

2. Prior to speaking with law enforcement, Mr. Shabaz informed interrogating officers that he wanted to speak with an attorney. He asked for an attorney several times and no attorney was ever provided. In addition, he asked to make telephone calls to certain friends and was informed he could only make calls if he agreed to speak with law

1

enforcement. One of the purposes for requesting the calls was to advise his friends to contact an attorney for him since he was not being permitted to contact one himself. Questioning, however, was continued by law enforcement notwithstanding Mr. Shabaz's request for a lawyer and to make certain telephone calls related to the procurement of an attorney.

    3. Interrogating officers presented Mr. Shabaz with an "Advice of Rights" form and he refused to sign it, persisting in his appeal to speak with an attorney. (See unsigned Advice of Rights form attached hereto as Exhibit A). Interrogating officers did not terminate the questioning and provide him with an attorney, but instead, recommenced questioning him about the offense, improperly informing him that "the judge will go a lot easier and things will be a lot easier if you cooperate." Prior to Mr. Shabaz making a statement he was informed by law enforcement, after repeatedly requesting an attorney, that "everything will go easier if you talk to us." These statements of leniency were not only false and calculated to overcome his will and dissuade him from seeking advice of counsel, but they were the functional equivalent of interrogation, not initiated by Mr. Shabaz, after his unequivocal request for an attorney, in violation of *Edwards v. Arizona*, 451 U.S. 477 (1981).

    4. Mr. Shabaz's inculpatory custodial statements to law enforcement were obtained in violation of his rights under the constitution where law enforcement continued interrogation after he requested legal counsel. *Miranda v. Arizona*, 384 U.S.

436 (1966); *Edwards* 341 U.S. at 484-485; *Rhode Island v. Innis*, 446 U.S. 291, 300-301 (1980); *United States v. Lee*, 413 F.3d 622 (7th Cir. 2005).

5.  In addition, any statements made were involuntary and resulted from improper interrogation-promises of leniency-which were false. In order to determine if a statement was made involuntarily the court must examine whether the defendant's will was overborne at the time he confessed and the answer lies in whether the authorities obtained the statement through coercive means. United States v. Montgomery, 14 F.3d 1189 (7th Cir. 1994). Coercion is determined from the perspective of a reasonable person in defendant's position. Schneckloth v. Bustamonte, 412 U.S. 218, 226 (1973).

6. Moreover, with false promises of leniency and a deliberate failure to permit Mr. Shabaz to obtain counsel, law enforcement presented Mr. Shabaz with a 'Consent to Search" form which allowed law enforcement to search his home, cars and cell phone. Mr. Shabaz was given a blank consent form to sign which did not specify the items to be searched prior to him signing. (See copy of Consent to Search form attached hereto as Exhibit B). Said consent was involuntary and the direct result of false promises and coercive conduct in violation of Mr. Shabaz's constitutional rights under the fourth, fifth and sixth amendments.

WHEREFORE, SAMUEL SHABAZ, prays this Honorable Court to suppress his statements based on involuntariness, violation of *Miranda* and *Edwards* and to suppress from introduction into evidence the following:

A. Physical evidence if any discovered directly and indirectly as a result of the detention, statements and involuntary consent to search;

B. Statements, written or oral, utterances, reports of gestures and responses by Defendant during the detention and interrogation following his arrest;

C. All other knowledge and the fruits thereof, witnesses, the product of the processing of Defendant following his arrest, and the fruits thereof.

Respectfully submitted,

_____
S/Ellen R. Domph
53 W. Jackson Blvd., Suite 1544
Chicago, Illinois 60604
(312) 922-2525

FD-395 (Rev. 11-5-02)

## ADVICE OF RIGHTS

Place _@ Calumet City, IL_
Date _12/21/07_
Time _8 53 AM_

## YOUR RIGHTS

Before we ask you any questions, you must understand your rights.

You have the right to remain silent.

Anything you say can be used against you in court.

You have the right to talk to a lawyer for advice before we ask you any questions.

You have the right to have a lawyer with you during the questioning.

If you cannot afford a lawyer, one will be appointed for you before any questioning if you wish.

If you decide to answer questions now without a lawyer present, you have the right to stop answering at any time.

I have read this statement of my rights and I understand what my rights are. At this time, I am willing to answer questions without a lawyer present.

Signed _Refused to sign_

Witness: _GF West       FBI Chicago SA_
Witness: _[illegible]   FBI SA   Det [illegible] OakLawn P.D_
Time: _8:57 AM   12/21/2007   Det Kraus #137 OLPD_

**EXHIBIT A**

Shabaz   07 CR 855                                             000000013

FD-26 (Rev. 7-20-94)

DEPARTMENT OF JUSTICE

FEDERAL BUREAU OF INVESTIGATION

## CONSENT TO SEARCH

1. I have been asked by Special Agents of the Federal Bureau of Investigation to permit a complete search of:

   (Describe the person(s), place(s), or thing(s) to be searched.)

   a) Premises at 12703 S. Carondolet Ave Chicago, IL 60633

   b) White Dodge Van IL Tag 7086199 located in driveway of 12703 S. Carondolet Ave, Chicago, IL 60633

   c) Green Dodge Van located in driveway of 12703 S. Carondolet Ave, Chicago, IL

   d) Silver Nokia cellular phone telephone # 708/843-1254

2. I have been advised of my right to refuse consent.

3. I give this permission voluntarily.

4. I authorize these agents to take any items which they determine may be related to their investigation.

12-21-07                               Sam Shabaz
Date                                   Signature

Witness     [signature]
            Brent
            DET. [signature] #307 OAK LAWN POLICE DEPT

EXHIBIT B

Shabaz  07 CR 855                                    000000014