UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 07-CR 855 |
| | ) | |
| SAMUEL SHABAZ, | ) | Judge Suzanne Conlon |
| Defendant. | ) | |

DEFENDANT'S MOTION FOR
IMMEDIATE DISCLOSURE OF FAVORABLE EVIDENCE

Now comes the Defendant, SAMUEL SHABAZ, by his attorney, ELLEN R. DOMPH, and respectfully moves this Court, pursuant to the Fifth Amendment and the principles enunciated in Brady v. Maryland, 373 U.S. 83 (1963), Giglio v. United States, 405 U.S. 150 (1972), and Untied States v. Bagley, 473 U.S. 667 (1986), to require the government to disclose before trial any evidence or information known to the government or in its possession, custody or control, the existence of which is known or by the exercise of reasonable diligence may become known, that is favorable to defendant and/or is material to the issues of her guilt, innocence or sentencing, or which bears upon the credibility of a government witness. In support of the motion the defendant states as follows:

1. Due process requires the government to disclose evidence that tends to exculpate the defendant. Brady v. Maryland, 373 U.S. 83 (1963); United States v. Agurs, 427 U.S. 96 (1976) (duty to disclose exculpatory evidence even absent a request). The government also must disclose evidence that impeaches or undermines the credibility of a government witness. Giglio v. United States, 405 U.S. 150 (1972). The required disclosure includes in part, (I) any statement, interview, or testimony of an individual which exculpates the defendant or contradicts the expected trial testimony of a government witness; (ii) testimony or memoranda of interviews of a government witness which contradicts some other statement, interview, testimony, or

expected testimony of that same witness; and (iii) inducements or consideration extended to a government witness.

    2.    The defendant is entitled to receive <u>Brady</u> and <u>Giglio</u> materials in a timely manner in order to make effective use of the materials at trial.  <u>United States v. Presser</u>, 844 F.2d 1275, 1283 (6th Cir. 1988).  In numerous recent cases, courts have ordered the government to make early disclosure of the <u>Brady</u> and <u>Giglio</u> materials.  <u>United States v. Diggs</u>, 801 F.Supp. 441, 447 (D.Kan. 1992) (production of <u>Brady</u> material "forthwith" ordered); <u>United States v. Schifflett</u>, 798 F.Supp. 354, 357 (W.D.Va. 1992) ("The spirit of <u>Brady</u> is fairness;" pretrial motion granted for prompt delivery of exculpatory information contained in the grand jury testimony of the government's agents that might eventually require investigation by defendant to be used effectively at trial); <u>United States v. Lonzo</u>, 793 F.Supp. 57, 60 (N.D.N.Y. 1992) (order to furnish <u>Brady</u> material as soon as it became known; such disclosure to include impeachment evidence regarding witnesses to be called at trial); <u>United States v. Sumner</u>, 793 F.Supp. 273, 278 (D. Kan. 1992) (prior to trial, government required to produce its witness' criminal records, any promises or consideration given or threats made to witnesses, and any other impeachment material).

    3.    The defendant specifically requests, but is not limited to the following:

    a.    The name, last known address and statement or memorandum of interview, if any, of any individual whose testimony would be favorable to the defendant in any way or consistent with the defendant's innocence.  This request includes, but is not limited to, any statement or memorandum of interview containing any information that the defendant did not engage in the conduct alleged in Counts One and Two of the indictment.

    b.    The name, last known address and statement or memorandum of interview, if any, of any individual whose testimony would contradict or be inconsistent with the expected testimony of any witness, regardless of whether the government intends to call such person as a government witness.

    c.    Any evidence or information that contradicts or is inconsistent with the expected

testimony of any witness for the government.

  d. Any evidence or information that reflects adversely on the credibility of any witness the government intends to call at trial.  This includes, but is not limited to, evidence or information relating to any bias or motive of a government witness against the defendant, or relating to the commission of crimes, bad acts or the giving of false or misleading statements of any kind, or specific instances of conduct from which it could be inferred that any intended government witness is untruthful.

  e. Any prior statement or testimony of a government witness containing or reflecting any contradiction or inconsistency with the expected trial testimony of the witness or with other statements or testimony given or made by the witness.

  f. Any consideration or promise of consideration given to or on behalf of any government witness.  "Consideration" means any favor, benefit or thing of value, whether bargained for or not, that arguably could benefit the witness or persons connected with the witness, including but not limited to, any plea agreement entered into between the witness and the government or any State or other authority formal or informal, direct or indirect immunity, leniency, favorable treatment or recommendations; other assistance with respect to pending or potential criminal charges, parole, probation, pardon, clemency, civil disputes, tax liability, administrative proceedings, or other dispute with the witness or between the witness and any other person or authority; payments of money, rewards or fees, witness fees, transportation, legal services or other benefits, or subsistence payments of any kind; and anything else as an inducement to testify that arguably could reveal an interest, motive, or bias of a witness in favor of the government and/or against defendant.

  g. The criminal identification and history sheet of each government witness.

  h. Any criminal charges pending against any government witness that have not been disposed of either by conviction or acquittal.

  i. Any unlawful activity in which a government witness has engaged that has not resulted in prosecution or conviction.

j. Any information relating to drug or alcohol usage or dependency, or to any physical or mental disease, disability, or disorder affecting any government witness.

k. The name address and statement of memorandum of interview, if any, or any individual who has been interviewed by the government who had knowledge of the activity alleged in the indictment or was present when the events in question occurred and who failed to implicate the defendant in this activity or who implicated some other person in the charged activity.

l. Any and all books, papers, records or documents that contain evidence favorable to the defendant or is consistent with her innocence.

m. Any illegal, unconstitutional, or unauthorized activity engaged in by any agents of law enforcement or persons acting on their behalf in connection with this indictment, the investigation that led to the indictment, or any related investigation.

4. It is respectfully requested that this Court's order requiring the government to produce evidence favorable to the defendant provide that the government is under a continuing obligation to furnish such evidence as may or should come to its attention through the course of its preparation and trial of this cause. See Federal Rule of Criminal Procedure 16(c). It is further requested that the government be required to disclose such evidence immediately.

WHEREFORE, the Defendant requests that his Motion for Immediate Disclosure of Favorable Evidence be granted.

                                  Respectfully submitted,

                                  S/ <u>Ellen R Domph</u>
                                  Ellen R. Domph
                                  Attorney for Defendant

ELLEN R. DOMPH
53 W. Jackson Blvd.
Suite 1544
Chicago, Illinois 60604
(312) 922-2525

Case 1:07-cr-00855     Document 27     Filed 02/11/2008     Page 5 of 5