**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | **No.    07 CR 855** |
| **v.** ) | |
| ) | **Judge Suzanne B. Conlon** |
| **SAMUEL SHABAZ** ) | |

**GOVERNMENT'S CONSOLIDATED MOTIONS IN LIMINE**

The United States of America, by its attorney, PATRICK J. FITZGERALD, United States Attorney for the Northern District of Illinois, respectfully moves the Court, *in limine*, as follows:

**I.    BACKGROUND**

Samuel Shabaz has been charged with bank robbery (18 U.S.C. § 2113(a)).  The case is set for trial on April 7, 2008.

**II.    Motion to Preclude Reference to Penalties Faced by Defendant**

The government moves this Court to preclude defendant from introducing evidence, making argument, or otherwise mentioning the potential penalties faced by him if convicted.

The Seventh Circuit unequivocally has held that "arguing punishment to a jury is taboo." *See, e.g., United States v. Richardson*, 130 F.3d 765, 778 (7th Cir. 1997); *United States v. Lewis*, 110 F.3d 417, 422 (7th Cir. 1997).  *See also United States v. McKenzie*, 922 F.2d 1323, 1327 (7th Cir. 1991) (holding that "the sixth amendment requires that a jury determine only questions of guilt or innocence; punishment is the province of the Court.").   Such argument or evidence concerning punishment is improper because the law is well-settled that the potential penalty faced by a defendant is irrelevant to the jury's determination of guilt or innocence. *See, e.g., Shannon v. United States*, 512 U.S. 573, 579 (1994) ("It is well established that when a jury has no sentencing function,

it should be admonished to 'reach its verdict without regard to what sentence might be imposed.'")

(quoting *Rogers v. United States*, 422 U.S. 35, 40 (1975)).

**III.     Motion to Preclude Discovery Requests or Comments Concerning Discovery in Presence of Jury**

The government respectfully moves this Court to preclude defense counsel from requesting discovery from witnesses or government counsel, moving the Court for such discovery, or otherwise commenting on discovery matters, in the presence of the jury.  Such requests from counsel in front of the jury are inappropriate and may create the impression that one side has suppressed information as a means of seeking an unfair advantage.  In fact, as often happens, counsel's requests are ill-founded because the discovery has already been tendered or is not subject to disclosure.  In any event, these requests, if appropriate, can easily be made to the Court or opposing counsel outside the presence of the jury with no prejudice resulting to either side.  Accordingly, the government moves that requests for discovery or comments relating to discovery be made outside the presence of the jury.

**IV.     Motion to Preclude Forms of Argument or Evidence Designed to Elicit Jury Nullification**

The government respectfully moves this Court to preclude defendant from arguing, or otherwise presenting evidence or pursuing lines of inquiry designed to elicit jury nullification. The law is plain that it is improper for a defendant to suggest in any way that the jury should acquit defendant even if it finds that the government has met its burden of proof.  *See, e.g., United States v. Perez*, 86 F.3d 735, 736 (7th Cir. 1996) ("An unreasonable jury verdict, although unreviewable if it is an acquittal, is lawless, and the defendant has no right to invite the jury to act lawlessly. Jury nullification is a fact, because the government cannot appeal an acquittal; it is not a right, either of

the jury or of the defendant."); *United States v. Sepulveda*, 15 F.3d 1161, 1190 (1st Cir. 1993)

("Neither the court nor counsel should encourage jurors to exercise this [nullification] power . . . .

A trial judge, therefore, may block defense attorneys' attempts to serenade a jury with the siren song

of nullification . . . ."). Although the government is unable to anticipate each form of jury

nullification argument or evidence that defendant may seek to interject into this trial, the government

does note the example of "outrageous governmental misconduct."

There is a "tendency in criminal cases to try some person other than the defendant and some

issue other than his guilt." *United States v. Griffin*, 867 F. Supp. 1347, 1347 (N.D. Ill. 1994)

(citation omitted). The "thrust of the defense" in these types of cases "is this: the prosecution was

not nice or could have done it better and so the jury ought to acquit, whether or nor guilt has been

proved beyond a reasonable doubt." *Griffin*, 867 F. Supp. at 1347. In the face of this tendency to

interject themes of government misconduct into a defense strategy, courts have granted motions in

limine "to bar defendants from presenting evidence or making arguments to the jury suggesting that

they should be acquitted because the government engaged in misconduct in the course of its

investigation." *United States v. Shields*, No. 90 CR 10441991 WL 236492, *3 (N.D. Ill. August 13,

1991); *United States v. Finley*, 708 F. Supp. 906, 913-914 (N.D. Ill. 1989) (granting motion in

limine to preclude evidence "which is not relevant to defendants' guilt but is designed only to

persuade the jury that defendants should be acquitted because the government engaged in

misconduct during its investigation."); *United States v. Katz*, No. 92 CR 94, 1992 WL 137174, *5

(N.D. Ill. June 15, 1992).

The impropriety of arguing allegations of governmental misconduct to the jury is well-

established. The Seventh Circuit has rejected the outrageous government conduct defense and has

held that such claims afford no defense to a criminal prosecution as a matter of law. *United States v. Boyd*, 55 F.3d 239, 241-42 (7th Cir. 1995). *Boyd* is unequivocal in its holding that "outrageous government conduct" is no defense to a criminal charge, and the jury thus should not be exposed to irrelevant allegations of this sort.

Accordingly, defendant should be precluded from attempting to defend this case by attacking the propriety of the government's investigation. Such attacks may take the form of allegations about the reasons defendant was investigated or prosecuted, or the value of investigating and prosecuting these types of crimes. None of these allegations are subjects properly put before the jury.

## V.    Conclusion

The government respectfully requests that its motions *in limine* be granted.

Respectfully submitted,

PATRICK J. FITZGERALD
United States Attorney


/s/ Nathalina A. Hudson
NATHALINA A. HUDSON
MICHELLE NASSER WEISS
Assistant United States Attorneys
219 South Dearborn Street
Chicago, Illinois  60604
(312) 353-1123
(312) 469-6201