UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 07 CR 855 |
| | ) | |
| SAMUEL SHABAZ, | ) | Judge Suzanne Conlon |
| | ) | |
| Defendant. | ) | |

**MOTION TO PRECLUDE THE GOVERNMENT FROM USING DNA EVIDENCE AT THE TRIAL**

Now comes, Samuel Shabaz, by his attorney Ellen R. Domph and moves this Honorable Court to preclude the government from introducing DNA evidence at trial. In support thereof it is stated:

1. This Court set the trial of this matter on April 7, 2008 and a plea date or pretrial conference on March 3, 2008. Counsel for the defense has yet to receive critical DNA raw data and certain items necessary to analyze DNA results that the government claims implicates Mr. Shabaz. The items Mr. Shabaz has requested are material to the preparation of his defense and the government intends to use this DNA evidence in its case-in-chief. Although on January 15, 2008, this Court ordered that Rule 16 evidence be disclosed by January 18, 2008, (R. 10), and counsel has verbally requested it from the government on several occasions, requested it in an objection filed by the Mr. Shabaz on February 6, 2008, and in a motion filed before this Court on February 11, 2008, the government has failed to comply. Specifically,

counsel has requested that certain items be produced to her or her DNA expert-laboratory so it can review and analyze the government's purported DNA evidence. (See Motion to Produce Certain Items filed on February 11, 2008).

2. Moreover, the government presented Judge Schnieker with a warrant,[1] over the defendant's objection, requesting that Mr. Shabaz submit to additional DNA testing by furnishing samples. Mr. Shabaz has not been furnished with a copy of said warrant and affidavit in support of it.

3. Counsel has asked the government when it intends to turn over the data from the original DNA analysis to her or Mr. Shabaz's expert in order for her to determine the validity of the government's testing procedures and results, as well as the time it will take its laboratory to do additional DNA testing and send those findings and data to Mr. Shabaz's expert for its independent review. On February 20, 2008, the government informed counsel that it would have some, but not all, of the requested items by the "end of the week." To date counsel is unaware of the length of time it will take the government's laboratory to perform additional DNA tests.

4. The date for pleading and /or the pre-trial conference is set for March 3, 2008, which is approximately 10 days away and will be only 5 days away when this motion is heard. Mr. Shabaz's expert informed his counsel it would take at least two weeks to perform a case review of previously performed DNA test, and four weeks to perform new DNA testing once the evidence is received.

---

[1] Mr. Shabaz is not aware of the date the government submitted the warrant to Magistrate Judge Schenkier but it was sometime after February 11, 2008.

With this timetable, Mr. Shabaz is plainly unable to make critical decisions concerning his case, particularly a knowing and intelligent decision whether to enter a change of plea or proceed to trial within the period set by this Court, through no fault of his own.

5. The government's 'last minute" request for samples from Mr. Shabaz is unreasonable in that on the day of his initial appearance before Magistrate Judge Schneiker on December 21, 2007, the government was aware of an initial DNA result. The DNA evidence was submitted to the Illinois State Police Laboratory on October 18, 2007. Knowing this, it nonetheless, waited almost two months to request that samples be taken from Mr. Shabaz in an attempt to confirm the original DNA test results that were not compared with a known sample, but run through an undisclosed DNA Index. The government has no explanation for its dilatory conduct and now seeks to prejudice the defendant by seeking Mr. Shabaz's DNA samples 10 days before a scheduled plea date or pre-trial conference.

6. Consequently, as a result of its failure to make available to Mr. Shabaz's expert, in a timely fashion, and pursuant to this Court's discovery order, the necessary data to challenge its DNA findings, and its "last minute" request for DNA samples to confirm its original findings, the government ought to be precluded from using any further samples for DNA testing and from offering any DNA evidence at trial. Mr. Shabaz ought not to be expected to defend a very serious case around the government's unreasonable schedule.

WHEREFORE, Mr. Shabaz prays this Honorable Court grant its motion to

preclude the government from introducing DNA evidence at trial.

        Respectfully submitted,

        S/Ellen R. Domph
        53 W. Jackson Blvd., Suite 1544
        Chicago, IL 60604
        312-922-2525