UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No.    07 CR 855 |
| v. | ) | |
| | ) | Judge Suzanne B. Conlon |
| SAMUEL SHABAZ | ) | |

**GOVERNMENT'S CONSOLIDATED RESPONSE TO DEFENDANT'S PRETRIAL
DISCOVERY AND DISCLOSURE MOTIONS**

The United States of America, by its attorney, PATRICK J. FITZGERALD, United States Attorney for the Northern District of Illinois, respectfully submits this consolidated response to defendant's pretrial motions.

**I.    PROCEDURAL BACKGROUND**

On January 8, 2008, Samuel Shabaz was indicted with one count of bank robbery (18 U.S.C. § 2113(a)).  On January 15, 2008, this Court set the case for trial on April 7, 2008, and ordered the government to comply with Local Criminal Rule 16.1 and Rule 16 of the Federal Rules of Criminal Procedure ("Rule 16") by January 18, 2008 .

On January 18, 2008, the government produced discovery to defendant pursuant to Local Criminal Rule 16.1 and Rule 16, much of which goes beyond the scope and timing of formal discovery required.  This discovery included the December 18, 2007, Illinois State Police ("ISP") Laboratory Report of Katherine A. Sullivan, Forensic Scientist, detailing her conclusions regarding DNA evidence obtained and tested in this matter (bates 16-17).  The government has provided discovery to defendant on an ongoing basis as it is received.

On January 31, 2008, this Court granted the government's agreed motion for both the government and defense to issue early return trial subpoenas. On February 11, 2008, Magistrate Judge Schenkier appointed a DNA expert for the defense. On February 13, 2008, Judge Schenkier issued a search warrant for DNA samples from defendant. On February 22, 2008, in the presence of his attorney, the government provided defense counsel with two DNA samples for independent testing by the defense expert.

On February 22, 2008, the government produced to defense the working file of Forensic Scientist Katherine A. Sullivan, which the government had subpoenaed from the Illinois State Laboratory at defendant's request. On February 20, 2008, the government also produced Katherine A. Sullivan's curriculum vitae (bates 312-315) and a written summary of Ms. Sullivan's testimony, which the government intends to use in its case-in-chief at trial. The case is set for trial on April 7, 2008.

The defendant filed the following pretrial motions requesting particular discovery and disclosures from the government as well as the exclusion of evidence: (1) Motion to Preserve Handwritten Notes of Government Agents; (2) Motion to Produce Certain Items; (3) Motion to Suppress; (4) Defendant's Motion for Discovery of Certain Items in the Government's Possession; (5) Defendant's Motion for Immediate Disclosure of Favorable Evidence; (6) Motion to Preclude DNA Evidence; and (7) Motion to Require Notice of Intention to Use Other Crimes, Wrongs or Acts Evidence.[1]  The government responds to defendant's motions as follows.

---

[1] Defendant filed a motion to suppress, for which the government is filing a separate response.

**II.      Motion to Preserve Handwritten Notes of Government Agents**

Defendant has filed a motion asking for an order directing the government to preserve all notes prepared by law enforcement. Rule 16(a)(2) specifically expects from disclosure, unless called for under another section of the rule, the discovery or inspection of reports, memoranda or other internal government documents made by the agents or government counsel. To the extent defendant's request is construed this broadly, it should be denied. To the extent that his request seeks preservation of agents' notes, the government will instruct the case agents to preserve any existing notes, and produce those within the ambit of Rule 16, *Brady*, or *Giglio*.

To a very large extent, such notes are not discoverable. *United States v. Mora*, 994 F.2d 1129, 1139 (5th Cir. 1993) (an agent's "scattered jottings" not discoverable); *United States v. Mena*, 863 F.2d 1522, 1529 (11th Cir. 1989) (interview notes which are merely fragmentary not discoverable); *United States v. Andersson*, 813 F.2d 1450, 1459 (9th Cir. 1987) (rough surveillance notes not discoverable); *United States v. Bastanipour*, 697 F.2d 170, 174-75 (7th Cir. 1982) (handwritten versions of typed memoranda which do not differ materially from the typed version not discoverable); *accord United States v. Starnes*, 644 F.2d 673, 681 (7th Cir. 1981).

It should be noted that defendant is not entitled to discovery of any agents' notes unless, upon *in camera* inspection by the Court, they are found to contain discoverable material not reflected in the typewritten memoranda of the interviews. Moreover, defendant is not entitled to have the Court spend its time conducting an *in camera* inspection unless he makes a prima facie showing that the typewritten memoranda are inaccurate or misleading. *See United States v. Muhammad*, 120 F.3d 688, 699 (7th Cir. 1997) (holding that defendant "had no legal basis to compel the Government to produce [an agent's] original interview notes that were subsequently incorporated into the FBI 302.

A defendant is not entitled to an agent's notes if the agent's report contains all that was in the original notes."); *United States v. Balistrieri*, 779 F.2d 1191, 1221 (7th Cir. 1985) (holding that the government's failure to produce original 302s did not violate the Confrontation Clause); *Bastanipour*, 697 F.2d at 174 (no Jencks Act violation in destruction of agent's handwritten notes because DEA agent verified accuracy of typewritten report prepared from notes and report properly disclosed notes to defendant).

Although the government is unaware of any material discrepancies between information contained in agents' notes and subsequent reports made in reliance on these notes, the government has agreed to preserve the written notes of government agents, to the extent those notes still exist. Therefore, defendant's motion should be denied as moot. To the extent that defendant is requesting discovery of agents' notes, the motion should be denied.[2]

### III.　Motions to Produce Certain Scientific Items and Preclude DNA Evidence

Defendant has filed a motion asking for an order directing the government to produce certain laboratory materials related to the testing of DNA evidence for defendant's expert to review. The defendant has also filed a motion to preclude the use of DNA evidence at trial. With respect to the defendant's motion to produce certain items the defendant requests the following:

> 1. A copy of the complete laboratory case file for Agency case #07-33202, including all raw data, bench notes, slot clots, forms and paperwork, electropherograms (i.e., Gene Scan and/or Genotyper), all technical or peer reviews, and plate sheets. Please also include a CD copy of the electrooherograms.
>
> 2. A copy of the allele frequency tables used to calculate the statistics and the frequency calculations performed in this case;

---

[2] The government's production of Agent Wentz's notes should not be interpreted as a stipulation to provide the defendant with all agents' notes requested in his motion. The government reserves the right to object to the production of the notes of other agents in this case.

      3. A copy of the laboratory procedural manual in effect at the time of testing of Agency case #07-33202;

      4. A copy of the QU an QC manuals used at the time of the testing of Agency case #07-33202;

      5. The results of external assessments, including quality assurance audit documents for forensic DNA and convicted offenders DNA Databasing laboratories, and any deficiencies from accrediting bodies in effect at the time of the testing of Agency case #07-33202. If any deficiencies were reported, include the responses submitted to the assessors;

      6. All corrective action reports generated by DNA Serology laboratory in the last two (2) calendar years; and

      7. Proficiency test results and credentials of the analyst(s) performing the testing of Agency case #07-33202.

Def. Mot. Doc. 24 at 1-2.

With regard to Item 1, on February 22, 2008, the government produced to defense the working file of Forensic Scientist Katherine A. Sullivan, which the government had subpoenaed from the Illinois State Laboratory at defendant's request.[3] On February 20, 2008, the government also produced the Katherine A. Sullivan's curriculum vitae (bates 312-315) and a written summary of Ms. Sullivan's testimony, which the government intends to use in its case-in-chief at trial.

With regard to Items 2 through 7, on February 21, 2008, the government issued a subpoena

---

[3]As the government previously informed defense counsel, prior to obtaining the items from ISP pursuant to a trial subpoena, neither the United States Attorney's Office nor the FBI were in possession of the items defendant requested in his motion. As the government previously informed defense counsel, the Illinois State Laboratory had refused the government's informal request to produce such items; rather, the ISP required a trial subpoena for such items. To the government's knowledge, the defense has not issued any trial subpoenas in this matter, and particularly has not issued any trial subpoenas to ISP, despite the fact that this Court granted both parties leave to issue early return trial subpoenas. Additionally, the fact that the government has subpoenaed ISP for these materials at the request of the defendant should not be interpreted by any means as a stipulation by the government that such materials are relevant and/or admissible at trial. The government reserves the right object to the admissibility of any materials ISP produces as a result of the subpoena.

to Illinois State Police Division of Forensic Services for these additional items requested for the first time in the motion by defense. The government has informed defense counsel that it is in the process of subpoenaing ISP for such materials and will provide them to the defense as soon as the government receives them.

With respect to the defendant's motion to preclude the use of DNA evidence at trial, the defendant has not made any arguments on the merits as to the validity of the DNA analysis conducted by Ms. Sullivan. Instead, the defendant has merely objected to the use of DNA evidence because his counsel and expert have not had an opportunity to review the underlying materials used by Ms. Sullivan to conduct the analysis. Under Rule 16 of the Federal Rules of Criminal Procedure, upon the defendant's request, the government has an obligation to copy or photograph the results or reports of any scientific test or experiment if the item is within the government's possession, custody or control. As previously stated, the government has made a good faith effort to provide defense counsel with all of the reports and documents it has in its possession. Moreover, as early as December 21, 2007, the defendant was aware that this case involved DNA. However, it was not until the government properly filed a motion before this court on February 4, 2008 for a referral to the Magistrate Judge for the execution of a search warrant for DNA that the defendant, in response, filed a motion requesting the appointment of a DNA expert in this case. Accordingly, DNA evidence cannot be excluded from trial because of the defendant's delay in requesting certain items related to the initial DNA testing and the appointment of an expert two months after being put on notice that DNA evidence would be an issue in this case and two weeks before the pre-trial conference set by this court in this case.

**IV.    Motion for Discovery of "Certain Items in the Government's Possession"**

Defendant has filed a "Motion for Discovery of Certain Items in the Government's Possession," which is essentially motion for an order directing the government to provide: (1) a summary of expert testimony; and (2) an exhibit list.

**A.    Expert Disclosure**

Defendant has filed a motion asking for an order directing the government disclose "not later than 45 days prior to trial the identity and qualifications of any expert witness the government intends to call at trial to offer expert testimony, a summary of that testimony, the witnesses' opinions and bases and reasons for those opinions." Def. Mot. Doc. 26 at 1.

The identity of the government's expert has already been disclosed because, as noted above, the government has already produced the ISP Laboratory Report of Katherine A. Sullivan, Forensic Scientist, detailing her conclusions regarding DNA evidence obtained and tested in this matter (bates 16-17). Also, on February 20, 2008, the government also produced the scientist's curriculum vitae (bates 312-315) and a written summary of Ms. Sullivan's testimony, which the government intends to use in its case-in-chief at trial. Because the government has met its disclosure requirements under Federal Rules of Criminal Procedure 16(a)(1)(G), defendant's motion should be denied as moot.

**B.    Exhibit List**

Defendant has filed a motion asking for an order directing the government to "immediately disclose each and every item of evidence it intends to introduce in its case-in-chief . . . . Each item must be specifically identified . . . ." Def. Mot. Doc. 26 at 1. Defendant essentially seeks an order for the government to provide him with an exhibit list. The government objects to this request. It is clear that production of an exhibit list is not required by local criminal rules or Rule 16. In fact,

as is typically the case, some exhibits may not be identified until just before (or even during) trial. Moreover, as part of discovery, the government has already made available to the defense most, if not all, of the materials relating to potential government witnesses, including FBI inventories of "Collected Items" (bates 160-162, 165-170). With the government's early and extensive production of discovery, the defense should have no difficulty surmising the exhibits the government will use at trial.

Nevertheless, the government will endeavor to provide defense with an exhibit list and exhibit binder at least one working day before trial, subject, of course, to a reservation of the government's rights to supplement the exhibit list and binder should the need arise at any point after that time. In turn, the government asks the defense to provide its exhibit list to the government one working day before trial.

Accordingly, the government requests that the court deny defendant's motion requesting production of an exhibit list.

## V.    Defendant's Motion for Immediate Disclosure of Favorable Evidence

Defendant has filed a motions for immediate disclosure of favorable evidence. His motion cites to *Brady v. Maryland*, 373 U.S. 83 (1963) and *Giglio v. United States*, 405 U.S. 150 (1982) in seeking an order directing the government to make disclosures of impeaching information. Defendant identifies a myriad of examples of items he considers impeaching evidence and of which he is seeking disclosure. Rather than responding separately to each of defendant's examples, the government will respond generally regarding any *Brady*, *Giglio*, and Jencks Act materials.

### A.     *Brady* and *Giglio* Material

The government is aware of its obligations under *Brady* and *Giglio* and will fully comply with its obligations sufficiently in advance of trial to allow defendant adequate time to prepare for cross-examination, without delaying the trial. "As long as ultimate disclosure is made before it is too late for the defendants to make use of any benefits of the evidence, Due Process is satisfied." *United States v. Ziperstein*, 601 F.2d 281, 291 (7th Cir. 1979); *Kompare v. Stein*, 801 F.2d 883, 890 (7th Cir. 1986); *United States v. Williams*, 738 F.2d 172, 178-179 (7th Cir. 1984).

To the extent defendant seeks exculpatory evidence, the government acknowledges its ongoing duty to disclose *Giglio* materials and evidence favorable to defendant in this case.[4] The district courts in this circuit "have repeatedly held that where the government has made assurances it will comply with *Giglio* and *Brady*, those assurances are sufficient." *United States v. Butler*, No. 93 CR 720, 1994 WL 69387, at *2 (N.D. Ill. Feb. 4, 1994). *Accord United States v. Dominguez*, 131 F.R.D. 556, 559 (N.D. Ill. 1990). The government has, in any event, already produced to defendant much of the information currently in its possession which defendant demands in his motion.[5] To the extent the government becomes aware of any additional exculpatory or impeaching information which falls into this discovery request, the government shall promptly produce this material to defendant prior to trial. Thus, defendant's requests for the production of the specified material

---

[4] The government's acknowledgment of its obligations under *Brady* and *Giglio* should not be interpreted as a stipulation to provide defendant with all of the myriad of materials requested in his motion. Rather, the government will abide by the law in this Circuit and will provide defendant with all materials to which he is entitled.

[5] The government is not required to produce this information at the outset of the case. "[D]ue process is satisfied '[a]s long as ultimate disclosure is made before it is too late for the defendants to make use of any benefits of the evidence. . . .'" *Sims*, 808 F. Supp. at 614-15 (quoting *Ziperstein*, 601 F.2d at 291). *Brady*, then, does not require pretrial disclosure. *Id.* at 615.

9

should be denied as moot.

    **B.**    **Jencks Act Material**

To the extent defendant requests pretrial production of government witnesses' statements as required under the Jencks Act, the Jencks Act itself and Federal Rule of Criminal Procedure 16(a)(2) expressly prohibit such pretrial disclosure. 18 U.S.C. § 3500. *See United States v. Williams*, 536 F.2d 1202, 1204 (7th Cir. 1976) (by "the express terms of 18 U.S.C. § 3500, the government could not have been required to deliver any 3500 material to defense counsel until the witness to whom the material pertained had completed his testimony on direct examination"). *Accord United States v. Molt*, 772 F.2d 366, 370 (7th Cir. 1985); *Sims*, 808 F. Supp. at 616 (collecting cases). *See also United States v. Robinson*, 585 F.2d 274, 281 (7th Cir. 1978) (en banc) ("[T]o allow the rummaging through Government files under the authority of *Brady* would be to defeat the stated legislative intent of the Jencks Act and therefore cannot be allowed."); *United States v. Presser*, 844 F.2d 1275, 1283 (6th Cir. 1988) ("If impeachment evidence is within the ambit of the Jencks Act, then the express provisions of the Jencks Act control discovery of that kind of evidence.").

Although no pretrial disclosure is required, the government agrees to provide any Jencks Act materials not already provided in previous discovery to defendant no later than one week prior to trial. Because the primary purpose of *Giglio* is to enable a defendant to attack the credibility of government witnesses at trial, such a procedure and schedule properly satisfies the government's disclosure obligation. *See, e.g., United States v. Higgs*, 713 F.2d 39, 44 (3rd Cir. 1983); *United States v. Balogun*, 971 F.Supp. 1215, 1231 (N.D.Ill. 1997); *United States v. Cole*, 707 F. Supp. 999, 1002 (N.D. Ill. 1989). Therefore, defendant's motion should be denied as moot.

**VI.     Notice of Intention to Use Other Crimes, Wrongs or Acts Evidence**

Defendant moves this Court for an order requiring the government to give notice of its intent to use Rule 404(b) evidence of other crimes, wrongs, or acts, including evidence that the government may intend to use in cross examination or rebuttal. He further requests extensive information and documents concerning any 404(b) evidence on which the government intends to rely.

The government has not yet determined whether it will offer any evidence under Rule 404(b) concerning defendant in its case in chief. In the event the government does determine that such evidence will be offered, however, the government agrees to comply with the dictates of Federal Rule of Evidence 404(b), which directs, upon request by defendant, the prosecution to provide reasonable notice in advance of trial of the general nature of any 404(b) evidence it intends to introduce at trial.[6] Therefore, defendant's motion concerning notice of intention to use such material should be denied as moot. *Sims*, 808 F. Supp. 628-629.

As explained below, however, the government objects to defendant's requests to the extent he seeks notice of the government's intention to use evidence of other crimes, wrongs, or acts in any cross-examination of a defendant or in rebuttal, and to the extent he seeks notice with heightened degree of particularity than required.

---

[6] While the government will attempt to provide notice of all Rule 404(b) evidence it plans to introduce, the government reserves the right to introduce additional Rule 404(b) evidence not contemplated at the time the government makes its pretrial disclosure, as necessary to rebut evidence introduced or arguments made by defendant. Should events at trial require the government to use additional Rule 404(b) evidence that the government has not already included in its pretrial notice, the government will seek leave to use such additional evidence at that time.

### A.   The 404(b) Notice Encompasses Only the Government's Case in Chief

Defendant's motions should be denied to the extent he seeks notice of the government's intention to use evidence of other crimes, wrongs, or acts in any cross-examination of a defendant or in rebuttal. The government's duty to give notice under Rule 12(b)(4)(B) of the Federal Rules of Criminal Procedure instructs that, "the defendant may, in order to have an opportunity to move to suppress evidence under Rule 12(b)(3)(C), request notice of the government's intent to use (in its evidence-in-chief at trial) any evidence that the defendant may be entitled to discover under Rule 16." FED. R. CRIM. P. 12(b)(4)(B).

First, a request that the government give notice in advance of trial of any 404(b) evidence that it might introduce in its rebuttal case is both impossible and contrary to case law. *United States v. Climatemp*, 482 F. Supp. 376, 391 (N.D. Ill. 1979). The government cannot know what evidence may be relevant in rebuttal until defendant has presented his case. Barring pre-trial disclosure of the defense case and witnesses, the government cannot give pre-trial notice of any evidence to be introduced in rebuttal. As the court stated in *Climatemp*,

> Any request asking for notice of the government's intention to use other crimes, wrong or acts during cross-examination of a defendant or in the government's rebuttal case is denied, as Rule 12(d)(2) only requires notice of such material if used in the government's case in chief.[7] As correctly pointed out by the government, the purpose of Rule 12(d)(2) is to enable the defendant to file a motion to suppress, not to provide him with information he normally could not discover under Rule 16.

*Id.* at 391. *Accord United States v. Swiatek*, 632 F.Supp. 985, 989 (N.D. Ill. 1986). The government, however, will seek leave to introduce any 404(b) evidence in its rebuttal case prior to attempting to

---

[7] Former Federal Rule of Criminal Procedure 12(d)(2) is now Federal Rule of Criminal Procedure 12(b)(4)(B).

introduce such evidence. In this way, defendant has will have the opportunity to argue the admissibility of such evidence before it is presented to the jury. For these reasons, defendant's motions should be denied.

Second, the government objects to the extent defendant's requests attempt to require the government to include in its Rule 404(b) submission any Rule 608(b) evidence against them. Rule 608(b) permits inquiry, for impeachment purposes, into prior specific instances of conduct on cross examination of a witness where the conduct inquired about bears on the issue of credibility. Cross examination is a truth-seeking tool, and impeachment is an important part of cross-examination. It would place an almost impossible burden on the government to ask the prosecutors to anticipate what Rule 608(b) evidence may become relevant during the trial. Moreover, requiring notice of Rule 608(b) material would eliminate the effectiveness of the use of specific instances of misconduct by depriving the jury of the opportunity to observe the witness's spontaneous response to the questioning, and unfairly benefit defendant. Disclosure would not further the truth-seeking function of the trial. *Climatemp*, 482 F. Supp. at 391; *Swiatek*, 632 F. Supp. at 989. As stated by the Seventh Circuit: "No rule or rationale guarantees the defense advance knowledge of legitimate impeachment before it calls a witness." *United States v. Baskes*, 649 F.2d 471, 477 (7th Cir. 1980).

Also, unlike Rule 404(b), Rule 608(b) does not require pretrial disclosure of any evidence which might be used for impeachment purposes. Indeed, defendant is not entitled to any discovery of Rule 608(b) material. *United States v. Cerro*, 775 F.2d 908, 915 (7th Cir. 1985); *Sims*, 808 F. Supp. at 611. Accordingly, because of the potential prejudice to the government, and under both existing authority and the plain language of the Rule, this Court should deny defendant's motions to the extent he requests pretrial disclosure of Rule 608(b) evidence.

### B.  Rule 404(b) Requires Only Generalized Notice

Defendant's requests for "other crimes, wrongs or acts" evidence pursuant to Rule 404(b) contains a number of subparts asking the Court to require the government not only to disclose the nature of any "other acts" evidence, but also to provide specific evidentiary detail in its Rule 404(b) notice. Defendant requests, for example, that the government be ordered to provide specific evidentiary detail in connection with each other crime, wrong or act, including:

   a. The dates, times, places, and persons involved in said crimes, wrongs, or acts;
   b. The statements of each participant in said other crimes, wrongs, or acts;
   d. The documents that contain evidence of said other crimes, wrongs, or acts, including when the documents were prepared, who prepared the documents and who has possession of the documents; and,
   e. The relevancy that such other crimes, wrongs, or acts evidence, pursuant to Federal Rule of Evidence 404(b), has to the case at bar.

Def. Mot. Doc. 28 at 1. The government objects to the production of the information set forth in these subparts because the requested information far exceeds the limits of criminal discovery. Even an indictment requires no such detail to effectively put a defendant on notice of the offenses charged. *Kendall*, 665 F.2d at 135. It defies logic to suggest that greater disclosure is necessary with respect to evidence of acts that do not form the basis of the charge.

Moreover, the plain language of Federal Rules of Evidence defeats defendant's requests. Rule 404(b) requires only that the prosecution in a criminal case "provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, *of the general nature* of any [other-acts] evidence it intends to introduce at trial." FED. R. EVID. 404(b) (emphasis added). The Senate Judiciary Committee, which formulated the revision to Rule 404(b), "considered and rejected a requirement that the notice satisfy the particularity requirements normally required of language used in a charging instrument. . . . Instead, the Committee opted for a

generalized notice provision . . . ." Note of Advisory Committee, reprinted in *Federal Criminal Code and Rules* at 245.

In this case, defendant's motions seek information above and beyond the "general nature" of the evidence as required by the rule. The extensive lists of requested information made in the motions are nearly identical to the request considered and struck down as overbroad by the district court in *Sims,* 808 F. Supp. at 611. The Court should deny defendant's motions for a heightened degree of particularity in the government's 404(b) notice.

### VII.  CONCLUSION

For the reasons stated above, the government respectfully requests that this Court dispose of defendant 's Pretrial Motions as discussed above.

        Respectfully submitted,

        PATRICK J. FITZGERALD
        United States Attorney

        /s/ Nathalina A. Hudson
        NATHALINA A. HUDSON
        MICHELLE NASSER WEISS
        Assistant United States Attorneys
        219 South Dearborn Street
        Chicago, Illinois  60604
        (312) 353-1123
        (312) 469-6201