UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No.    07 CR 844 |
| v. ) | |
| ) | Judge Suzanne B. Conlon |
| SAMUEL SHABAZ ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO SUPPRESS**

The United States of America, by its attorney, PATRICK J. FITZGERALD, United States Attorney for the Northern District of Illinois, respectfully submits this response to defendant's Motion to Suppress and Motion to Set Evidentiary Hearing for Motion to Suppress.

Samuel Shabaz has been charged with bank robbery (18 U.S.C. § 2113(a)). The case is set for trial on April 7, 2008. At trial, the government intends to offer statements made by defendant after he was arrested and mirandized by FBI on December 21, 2007. Defendant has moved to suppress defendant's statements as well as evidence recovered from a consent search of defendant's home, cars, and cellular telephone.

**I.    Background**

On December 21, 2007, the defendant was arrested at his home by FBI agents. After his arrest, defendant was transported by FBI and Oak Lawn Police Department ("OLPD") (collectively "law enforcement") to the Calumet City Police Department. Defendant was placed in an interview room along with four law enforcement officers: FBI Agents Brian Watson and Brian Wentz, and OLPD Detectives Dennis Keenan and James Hunt. A fifth law enforcement officer, OLPD Detective Christine McGuire, was also present during portions of the interview.

FBI agents advised defendant of his rights per *Miranda*, after which – in the presence of the four law enforcement officers – defendant read aloud the FBI's FD-395 "Advice of Rights" form.

After reading his rights aloud, the defendant told the officers that he understood his rights, but he refused to sign the "Advice of Rights" form. The defendant told the officers that he would listen to them and answer questions without an attorney, and that he would stop the interview when he wanted to. During this meeting, defendant requested the opportunity to speak with two individuals: his girlfriend, Maritza Velazques, and a friend with the first name Khabir whom defendant was scheduled to pick up from the airport. Defendant did not have the telephone number for either individual, but he told law enforcement that they could retrieve the individuals' telephone numbers from defendant's cellular telephone at his residence.[1] According to all four law enforcement officers who were present for the entirety of the interview, defendant at no time – either before or after being advised of his *Miranda* rights – requested an attorney.[2]

FBI proceeded to interview defendant. At the outset of the interview, FBI agents presented defendant with an FBI FD-26 "Consent to Search" form which was completed in his presence with descriptions of defendant's house, two Dodge vans, and cellular telephone. Defendant read the form, stated he understood, and signed the form in the presence of law enforcement.

Once the questioning began, the defendant confessed in detail to robbing the TCF bank at 9801 S. Cicero Avenue, Oak Lawn, Illinois, on April 26, 2007, and October 1, 2007, and attempting to rob the Standard Bank and Trust at 4700 111th Street, Oak Lawn, Illinois, on September 21, 2007.

---

[1] Agents conducted a brief background check of Maritza Velazques and Khabir LNU before allowing defendant to contact them, to prevent the possibility that defendant intended to contact them in furtherance of a criminal activity. Defendant was later allowed to contact these two individuals and, in fact, used an officer's cellular telephone to do so while in route after the interview. After hanging up the telephone, defendant told an officer that his girlfriend just broke up with him.

[2] Agent Watson recalls defendant using the word "attorney" before being advised of his *Miranda* rights. Agent Watson does not recall the context in which defendant said "attorney," but remembers unequivocally that defendant never requested an attorney.

Defendant provided detailed information regarding his planning and execution of the bank robberies, his motive, and what he did with the money he obtained in the bank robberies. During the interview, law enforcement showed defendant bank surveillance photographs from each of the three bank robberies. Defendant identified himself as the robber in those photographs, and on each set of surveillance stills, defendant wrote, "Is me - Sam Shabaz 12-21-07."

Evidence recovered from defendant's home pursuant to defendant's consent to search included:

1. fifty-three one-dollar bills found in the top dresser drawer in a bedroom
2. $140 found under a bed
3. $32,828 found on a closet floor

Defendant now moves for suppression of the post-arrest statements he made to law enforcement and asserts that he repeatedly requested an attorney but law enforcement ignored his requests. He further claims that his statement was involuntary and based on law enforcement officers' promises of leniency. Defendant also moves to suppress the evidence discovered as a result of his consent to search his home.

**II. Defendant's Motions to Suppress and for and Evidentiary Hearing Should Be Denied for Failure to Provide Supporting Affidavits or Testimony**

As a preliminary matter, defendant's motions should be denied for failure to provide supporting affidavits or testimony. Under established Seventh Circuit law, a defendant does not have an absolute right to an evidentiary hearing on a motion to suppress. *United States v. Coleman*, 149 F.3d 674, 677 (7th Cir. 1998). Rather, it is well-settled that a defendant has "the burden of establishing the necessity of a hearing." *United States v. Rodriguez*, 69 F.3d 136 at 141 (7th Cir. 1995). *United States v. Woods*, 995 F.2d 713, 715 (7th Cir. 1993) ("A trial court is required to grant

a suppression hearing only when a defendant presents facts justifying relief. A defendant who requests a hearing bears the burden of showing there are disputed issues of material fact.").

The Seventh Circuit has emphasized that a movant can sustain his prima facie burden "only upon the presentation of 'definite, specific, detailed, and nonconjectural' facts." *United States v. Rodriguez*, 69 F.3d 136, 141 (7th Cir. 1995) (quoting *United States v. Randle*, 966 F.2d 1209, 1212 (7th Cir. 1992)). "Reliance on vague, conclusory allegations is insufficient." *Randle*, 966 F.2d at 1212. In order to raise a factual issue such that an evidentiary hearing is required, defendant should support his claim with an affidavit based on personal knowledge. *United States v. Johnson*, No. 96 CR 379, 1997 WL 124269, at *1 (N.D. Ill. March 18, 1997); *United States v. Mallard*, No. 93 CR 566, 1994 WL 22958, at *2 (N.D. Ill. Jan. 25, 1994); *United States v. Robinzine*, No. 93 CR 486, 1993 WL 443394, at *3 (N.D. Ill. Oct. 29, 1993). Specifically, a defendant seeking to suppress statements on the basis of involuntariness must detail facts of mental or physical coercion by the government. *See Toro*, 359 F.3d at 885.

It is only once the defendant establishes a basis for his motion to suppress that the burden shifts to the government to prove by a preponderance of the evidence that the evidence was not obtained in violation of the constitution. *United States v. Madison*, 689 F.2d 1300, 1308 (7th Cir. 1982), *cert. denied*, 459 U.S. 117 (1983). This rule avoids a hearing where none is necessary for resolution of the motion, but where a hearing would still be beneficial to the defendant as a clandestine tool for additional discovery. As a district court summarized the state of the law regarding the necessity of a hearing:

> [T]his discovery windfall is only available as a bonus in cases where the district court, upon examining the motion to suppress, finds important issues of fact where the credibility of the witnesses is important and the allegations are definite, specific,

detailed, and nonconjectural. A hearing is available if the district court finds that the defendant's posture, if proved, would inevitably require the granting of relief.

*United States v. Pasciuti*, 793 F. Supp. 373, 377 (D.N.H. 1992).

In this case, defendant's suppression motion is completely devoid of any "definite, specific, detailed, and nonconjectural" facts, and he has not presented any evidence to support his request for a hearing. Defendant's claim of coercion is supported by nothing more than the argument of his counsel.[3] Defendant has not submitted an affidavit or sworn statement stating that any law enforcement officer denied his requests for an attorney or otherwise coerced him into providing detailed admissions to three bank robberies. Based on the fact that defendant has failed to present any evidence that he requested an attorney prior to making statements, defendant's motion and request for an evidentiary hearing should be dismissed.[4]

**III.    Defendant's Motions to Suppress Should be Denied on the Merits because Defendant's Post-Arrest Statements Were Voluntary.**

Even if defendant submits an affidavit or presents testimony to support his motion, his motion to suppress his post-arrest statements should be denied on the merits. Where a defendant seeks to suppress statements on grounds that the statements were made involuntarily, the government has the burden of proving voluntariness by a preponderance of the evidence. *Lego v. Twomey*, 404 U.S. 477, 489 (1972). The Supreme Court has made clear that "coercive police activity is a

---

[3]In fact, defendant's attorney prefaces some of her arguments as based "on information and belief." Mot. Supp. at ¶1.

[4]Even if the defendant submitted a written affidavit, this court should deny his motion without a hearing unless the defendant agrees to testify at the hearing. Based on the straightforward nature of the allegations at issue, namely that the defendant requested an attorney but did not get one prior to questioning, the defendant's testimony will be necessary for the Court to make a credibility determination. Moreover, this Court should require defendant to submit an affidavit or present testimony before hearing any other evidence related to the motion.

necessary predicate to the finding that a confession is not 'voluntary' within the meaning of the Due Process Clause of the Fourteenth Amendment." *Colorado v. Connelly*, 479 U.S. 157, 167 (1986). *See also United States v. Fazio*, 914 F.2d 950, 956 (7th Cir. 1990) (holding that to determine whether a confession is voluntary, a court must determine whether the defendant's will was overborne at the time of the confession).

In this case, defendant's will was not overborne at the time of his confession. Defendant does not claim that law enforcement failed to advise him of his *Miranda* rights or that they fabricated his confession. In fact, defendant concedes that he made "inculpatory custodial statements to law enforcement" (Mot. Supp. at ¶4) after "[i]nterrogating officers presented Mr. Shabaz with an 'Advice of Rights' form . . . ." (Mot. Supp. at ¶3.) In addition, it is undisputed that (1) defendant gave consent and that defendant had apparent and actual authority to give consent to search his home, cars, and cell phone, and (2) on December 21, 2007, Judge Schenkier issued a warrant to search this same residence and vehicles.[5]

Defendant's only claims – that he asked for an attorney and was promised leniency – is refuted by all four law enforcement officers present for the entirety of the interview. According to these two FBI agents and two OLPD detectives, contrary to defendant's assertions, defendant never requested an attorney at any time during the interview. Similarly, according to all four officers, no promises of leniency were made in exchange for a confession – law enforcement never told the defendant that he had to confess to avoid additional charges, to be released, or to avoid severe penalties. Rather, defendant voluntarily spoke to the agents and officers in detail about his

---

[5]A copy of this search warrant – which was never presented due to defendant's consent to search – has been provided to defense counsel in the discovery materials.

involvement in all three bank robberies. Defendant's will was not overborne, and his motion to suppress his confession should be denied on the merits.

**IV.  Conclusion**

For the reasons discussed above, the government respectfully requests that this Court deny the defendant's Motion to Suppress and Motion to Set Evidentiary Hearing for Motion to Suppress.

Respectfully submitted,

PATRICK J. FITZGERALD
United States Attorney

/s/ Nathalina A. Hudson
NATHALINA A. HUDSON
MICHELLE NASSER WEISS
Assistant United States Attorneys
219 South Dearborn Street
Chicago, Illinois  60604
(312) 353-1123
(312) 469-6201