FILED
JUN 13 2008
6-13-2008
JUDGE REBECCA R. PALLMEYER
UNITED STATES DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No. 07 CR 855 |
| | ) | |
| v. | ) | Judge Suzanne B. Conlon |
| | ) | |
| SAMUEL SHABAZ | ) | |

## PLEA DECLARATION

Defendant SAMUEL SHABAZ, by his attorney ELLEN R. DOMPH, and after extensive consultation with Ms. Domph, acknowledges and states the following:

1. On January 08, 2008, the grand jury for the Northern District of Illinois, Eastern Division, returned a one-count indictment charging Mr. Shabaz with bank robbery in violation of 18 U.S.C. § 2113(a), occurring on or about October 01, 2007 at Oak Lawn, Illinois. A February 27, 2008 two-count Superseding Indictment charged an additional violation of 18 U.S.C. § 2113(a), on or about April 26, 2007, at Oak Lawn, Illinois (Count 2), as well as an attempt to violate the provisions of 18 U.S.C. § 2113(a) (Count 3), on or about September 21, 2007 at Oak Lawn, Illinois.

2. Mr. Shabaz reads and writes the English language. He has read the charges against him contained in the Superseding Indictment, and those charges have been fully explained to him by his attorney.

3. He fully understands the nature and elements of the crimes with which he has been charged.

1

4. He will enter a voluntary plea of guilty to the Superseding Indictment in this case.

**Factual Basis**

5. He will plead guilty because he is in fact guilty of the charges contained in the Superseding Indictment. In pleading guilty, defendant admits the following, which establish his guilt beyond a reasonable doubt:

On or about October 1, 2007, at Oak Lawn, in the Northern District of Illinois, Eastern Division, he did, by force and violence, and by intimidation, take from the person and presence of bank employees approximately $51,091 in United States currency money belonging to, and in the care, custody, control, management, and possession, of TCF Bank located at 9801 S. Cicero Avenue, Oak Lawn, Illinois, the deposits of which were then insured by the Federal Deposit Insurance Corporation; in violation of Title 18 U.S.C. § 2113(a).

On or about April 26, 2007, at Oak Lawn, in the Northern District of Illinois, Eastern Division, he did, by force and violence, and by intimidation, take from the person and presence of bank employees between approximately $15,000 and approximately $22,000 in United States currency, money belonging to, and in the care, custody, control, management, and possession, of TCF Bank located at 9801 S. Cicero Avenue, Oak Lawn, Illinois, the deposits of which were then insured by the Federal Deposit Insurance Corporation; in violation of Title 18 U.S.C. § 2113(a).

On or about September 21, 2007, at Oak Lawn, in the Northern District of Illinois, Eastern Division, he did, by force and violence, and by intimidation, attempt to take from the person and presence of bank employees money belonging to, and in the care, custody, control, management, and possession, of Standard Bank located at 4700 W. 111th Street, Oak Lawn, Illinois, the deposits of which were then insured by the Federal Deposit Insurance Corporation; in violation of Title 18 U.S.C. § 2113(a).

**Conditional Plea**

6. Pursuant to Federal Rule of Criminal Procedure 11 (a)(2), Mr. Shabaz and the government agree that Mr. Shabaz's plea of guilty to the Superseding Indictment is a conditional plea, reserving his right to appeal the decision denying his Motion to Suppress Statements and Evidence to the Seventh Circuit Court of Appeals, and, if necessary, to the Supreme Court of the United States in a Petition for a Writ of Certiorari.

**Guidelines Calculations**

7. It is Mr. Shabaz's understanding that in imposing sentence, the district Court will be guided by the United States Sentencing Guidelines. The Sentencing Guidelines are advisory, not mandatory. Nonetheless, the Court must consider the Guidelines in conjunction with 18 U.S.C. § 3553 in determining a reasonable sentence.

Other factors the Court must consider in imposing a reasonable sentence include the need:

- to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment;

- to create adequate deterrence;
- to protect the public from future crimes of the defendant; and
- to provide the defendant with necessary treatment and training.

18 U.S.C. § 3553(a)(2); *Booker*, 543 U.S. 220, 260 (2005). Section 3553(a)(1) directs sentencing courts to also consider the nature and circumstances of the offense and the history and characteristics of the defendant.

8. For purposes of calculating the guidelines promulgated by the United States Sentencing Commission pursuant to Title 28, United States Code, Section 994, the parties agree where noted, and disagree where noted, on the following points:

(a)  The Sentencing Guidelines to be applied in this case are those effective November 1, 2007.

**Count 1**

(b) The base offense level for Count 1 pursuant to Guideline §2B3.1(a) is level 20.

(c) Pursuant to Guideline § 2B3.1(b)(1), the base offense level is increased by 2 levels because the property of a financial institution was taken.

(d) Pursuant to Guideline § 2B3.1(b)(2), the base offense level is increased by 3 levels because a dangerous weapon was possessed.

(e) Pursuant to Guideline § 2B3.1(b)(4), the base offense level is increased by 2 levels because individuals were restrained during the commission of the offense.

(f) Pursuant to Guideline § 2B3.1(b)(7), the base offense level is increased by 2 levels because the loss amount exceeded $50,000 thousand dollars.

**Count 2**

(g) The base offense level for Count 2 pursuant to Guideline §2B3.1(a) is level 20.

(h) Pursuant to Guideline § 2B3.1(b)(1), the base offense level for Count 2 is increased by 2 levels because the property of a financial institution was taken.

(i) Pursuant to Guideline § 2B3.1(b)(2), the base offense level is increased by 3 levels because a dangerous weapon was brandished.

(j) Pursuant to Guideline § 2B3.1(b)(4), the base offense level is increased by 2 levels because individuals were restrained during the commission of the offense.

(k) Pursuant to Guideline § 2B3.1(b)(7), the base offense level is increased by 1 level because the loss amount exceeded $10,000 thousand dollars.

**Count 3**

(l) The base offense level for Count 3 pursuant to Guideline §2B3.1(a) is level 20.

(m) Pursuant to Guideline § 2B3.1(b)(1), the base offense level for Count 3 is increased by 2 levels because Mr. Shabaz attempted to take the property of a financial institution.

(n) Pursuant to Guideline § 2B3.1(b)(2), the base offense level is increased by 3 levels because a dangerous weapon was brandished.

(o) Mr. Shabaz' highest offense level is thus 29. Pursuant to U.S.S.G. § 3D1.4, a 3 level increase is warranted because each of the Counts of conviction constitutes 1.0 unit for purposes of determining the combined offense level. Accordingly, that adjusted

offense level is 32.

(p) The government will argue that Mr. Shabaz qualifies as a career offender within the meaning of Guidelines § 4B1.1 because he has two prior qualifying convictions. Mr. Shabaz disputes that he is a career offender and reserves the right to argue against the application of the career offender provision.

(q) The government will argue that Mr. Shabaz willfully obstructed the administration of justice with respect to the prosecution of the instant offense during his testimony in a suppression hearing. Mr. Shabaz disputes the contention that he engaged in any obstruction of justice and reserves the right to fully argue this position at sentencing.

(r) Mr. Shabaz has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for his criminal conduct. If Mr. Shabaz continues to accept responsibility for his actions, within the meaning of Guideline §3E1.1, a two-level reduction in the offense level will be appropriate.

(s) Pursuant to Guideline § 3E1.1(b), it is Mr. Shabaz's position that an additional one-level reduction in offense level is appropriate because Mr. Shabaz has notified the government timely of his intention to enter a plea of guilty, thereby permitting the government to avoid fully preparing for trial and permitting the Court to allocate its resources efficiently; provided that the Court determines the offense level to be 16 or greater prior to the operation of Guideline 3E1.1(a).

**Criminal History Category.**

8. It is Mr. Shabaz's position that his criminal history category is III based on his prior convictions..

**Anticipated Advisory Sentencing Guideline Range.**

9. It is Mr. Shabaz's position that his offense level is 29, criminal history III, yielding an advisory guideline range of 108-136 months of imprisonment.

**Potential Penalties**

10. Samuel Shabaz understands that the charges to which he will plead guilty each carry a maximum incarceration sentence of 20 years, a maximum fine of $250,000, and a term of supervised release of not more than 3 years.

Mr. Shabaz understands that in accord with federal law, Title 18, United States Code, Section 3013, upon entry of judgment of conviction, he will be assessed $100 on each count to which he has pled guilty, in addition to any other penalty imposed.

**Trial Rights and Appellate Rights**

11. Samuel Shabaz understands that by pleading guilty he surrenders certain rights, including the following:

(a) If defendant persisted in a plea of not guilty to the charges against him, he would have the right to a public and speedy trial. The trial could be either a jury trial or a trial by the judge sitting without a jury. The defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, the

defendant, the government and the judge all must agree that the trial be conducted by the judge without a jury.

(b) If the trial is a jury trial, the jury would be composed of twelve lay persons selected at random. Defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising so-called peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that defendant is presumed innocent, and that it could not convict him unless, after hearing all the evidence, it was persuaded of defendant's guilt beyond a reasonable doubt.

(c) If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, and considering each count separately, whether or not she was persuaded of defendant's guilt beyond a reasonable doubt.

(d) At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them. In turn, defendant could present witnesses and other evidence in his own behalf. He would be under no obligation to do so, however, because he is presumed to be innocent and, therefore, need not prove his innocence. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena

power of the court.

(e) At a trial, defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify. If defendant desired to do so, he could testify in his own behalf.

(f) Samuel Shabaz understands that by pleading guilty he is waiving all the rights set forth in the prior paragraphs. Mr. Shabaz's attorney has explained those rights to him, and the consequences of his waiver of those rights. Mr. Shabaz further understands that he is waiving all appellate issues that might have been available if he had exercised his right to trial, and only may appeal the validity of the plea of guilty, the sentence, and the denial of his Motion to Suppress Statements and Evidence as set forth in paragraph 6 above.

**Limitations and Consequences of Plea Declaration**

12. Samuel Shabaz understands that the United States Attorney's Office will fully apprise the District Court and the United States Probation Office of the nature, scope and extent of his conduct regarding the charges against him, and related matters, including all matters in aggravation and mitigation relevant to the issue of sentencing. Mr. Shabaz further understands that he will be able to present evidence in mitigation at the time of sentencing.

13. Samuel Shabaz understands that at the time of sentencing, the government and

9

the defendant will be free to make their respective recommendations to the Court as they believe are appropriate. Mr. Shabaz understands that the Judge will make the final decision concerning his sentence.

14. Should the judge refuse to accept Mr. Shabaz's plea of guilty, his Plea Declaration shall become null and void and defendant will not be bound thereto. It is the defendant's position that, should the Court decline to accept Mr. Shabaz's plea, this Plea Declaration and the ensuing court proceedings are inadmissible in later court proceedings pursuant to Rule of Criminal Procedure 11(e)(6)(A), (C), and (D).

15. Samuel Shabaz agrees that this Plea Declaration shall be filed and become part of the record of the case.

16. Samuel Shabaz and his attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, to induce him to plead guilty. Mr. Shabaz further acknowledges that he has read this Plea Declaration and carefully reviewed each provision with his attorney.

Signed this 13th day of June, 2008,

*Samuel Shabaz*
Samuel Shabaz,
Defendant