

## U. S. Department of Justice

United States Attorney
Northern District of Illinois

| | | |
|---|---|---|
| Michelle Nasser Weiss<br>Assistant United States Attorney<br>Criminal Division | Everett McKinley Dirksen Federal Building<br>219 South Dearborn Street, Fifth Floor<br>Chicago, Illinois 60604 | (312) 353-5300<br>Direct Line: (312) 469-6201<br>Fax: (312) 353-4324 |

**FILED**

June 12, 2008

JUN 1 3 2008

JUDGE REBECCA R. PALLMEYER
UNITED STATES DISTRICT COURT

*Via e-mail*

Ellen Domph
53 W Jackson Blvd
Suite 1544
Chicago, IL 60604

Re:   *United States v. Samuel Shabaz,* 07 CR 855

Dear Ellen:

Your client, Samuel Shabaz, is scheduled to enter a "blind" plea of guilty to Counts One, Two, and Three of the Superseding Indictment in the above-captioned matter on June 13, 2008, at 12:30. Thus, your client is not entering into a plea agreement with the government. You have indicated that Mr. Shabaz wants to enter a conditional plea of guilty, reserving his right to appeal the district court's denial of his motion to suppress, pursuant to Federal Rule of Criminal Procedure 11(a)(2), which reads:

> Conditional Plea. With the consent of the court and the government, a defendant may enter a conditional plea of guilty or nolo contendere, reserving in writing the right to have an appellate court review an adverse determination of a specified pretrial motion. A defendant who prevails on appeal may then withdraw the plea.

Fed.R.Crim.P. 11(a)(2). The purpose of this letter is to: (1) confirm the government's consent to Mr. Shabaz entering a plea pursuant to Federal Rule of Criminal Procedure 11(a)(2), and (2) set forth the agreement between Mr. Shabaz and the United States regarding his entry of a conditional plea.

The government agrees that defendant's plea of guilty will be entered pursuant to Federal Rule of Criminal Procedure 11(a)(2). Pursuant to that Rule, the parties agree that defendant, with the consent of the Court, may enter a conditional plea of guilty, reserving his right to appeal the Court's Orders of May 30 and June 2, 2008, denying defendant's motion to suppress. Only in the event of a reversal of that decision will defendant be permitted to withdraw his plea. The government does not consent to an appeal on any other pretrial issue, and defendant reserves the right to appeal only the identified pretrial ruling. Defendant acknowledges that in the event of a reversal of the Court's order denying the motion to suppress, the government may reinstate and prosecute any charges against defendant, including but not limited to the charges of bank robbery and attempted bank robbery to which he is pleading guilty, and any perjury or other charges arising

Michelle Nasser Weiss
June 12, 2008
Page 2

out of the suppression hearing. Defendant understands that the Court decides whether or not to approve the entry of this conditional plea under Fed.R.Crim.P. 11(a)(2).

Again, no promises have been made to you or your client, nor have any agreements been reached with you or your client by the U.S. Attorney's Office regarding what sentence your client may receive, or any other matter relating to his plea of guilty.

Your client acknowledges that he has read this agreement and has asked any questions that he has regarding the government's agreement to entry of a conditional plea of guilty. Your client further acknowledges that this letter agreement will be filed with the Court and made a part of the record in this case.

Very truly yours,

PATRICK J. FITZGERALD
United States Attorney

By: *[signature]*
MICHELLE NASSER WEISS
NATHALINA HUDSON
Assistant United States Attorneys
219 South Dearborn Street
Chicago, Illinois 60604
(312) 469-6201

READ AND ACKNOWLEDGED THIS DATE: 06/13/2008

*[signature]*
NATHALINA HUDSON
United States Attorney

*[signature]*
SAMUEL SHABAZ
Defendant

*[signature]*
MICHELLE NASSER WEISS
Assistant U.S. Attorney

*[signature]*
ELLEN DOMPH
Attorney for Defendant