# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 CR 855 | **DATE** | 8/14/2008 |
| **CASE TITLE** | UNITED STATES OF AMERICA vs. SAMUEL SHABAZ | | |

**DOCKET ENTRY TEXT**

Defendant's agreed motion to reset his sentencing date is granted in part. Sentencing on August 26, 2008 is reset on September 5, 2008 at 1:00 pm. The time for filing objections to the presentence report is extended from August 18, 2008 to August 27, 2008. **See below for details.**

*Suzanne B. Conlon*

■ [ For further details see text below.]　　　cc: United States Probation; Notices mailed by Judicial staff.

## STATEMENT

More than two months ago, sentencing was set on August 26, 2008 after Samuel Shabaz entered guilty pleas to two bank robberies and one attempted bank robbery. Shabaz presented and filed a plea declaration that expressly acknowledged that "[t]he government will argue that Mr. Shabaz qualifies as a career offender within the meaning of Guidelines § 4B1.1 because **he has two prior qualifying convictions. Mr. Shabaz disputes that he is a career offender and reserves the right to argue against application of the career offender provision.**" Dkt. no. 79, at p.6, filed June 13, 2008 (emphasis added). It is clear from Shabaz' statement that when he pleaded guilty, he and his counsel knew the government would rely on two prior felony convictions that qualified as crimes of violence in seeking a career offender enhancement. And they should have known of his armed robbery convictions much earlier. Shabaz apparently did not request his criminal record from the government under FRCP 16, which he was entitled to request last January. Dkt. no 10, entered January 15, 2008. The presentence report dated August 5, 2008, relies on state convictions for armed robbery all based on guilty pleas in applying the career offender guideline.

Shabaz requests a 60-day extension to "investigate" his prior convictions and "perhaps" to obtain transcripts of state sentencing hearings, a most unpromising quest given the age of his convictions and the fact that they are all based on unappealed guilty pleas. He does not dispute his prior convictions, but rather contests whether the recommended guideline calculations should be adopted by the court. He fails to explain why a defense investigation of his criminal history was not conducted months ago. Indeed, he does not claim he was surprised by the criminal history portion of the presentence report. His conclusory motion lacks good cause for a 60-day extension.

In addition, Shabaz complains the Probation Office did not promptly furnish copies of his presentence investigation report or his criminal history records, and that he needs more time to prepare for the sentencing hearing. A reasonable extension of time is granted for filing objections to the presentence report. The sentencing hearing is reset accordingly.

*Suzanne B. Conlon*

| | Courtroom Deputy Initials: | WH |
|---|---|---|